IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| KEITH RUSSELL JUDD | § | |
| v. | § | CIVIL ACTION NO. 5:10cv162 |
| UNITED STATES OF AMERICA, ET AL. | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Movant Keith Russell Judd, proceeding *pro se*, filed this civil action as an "independent action" under Rule 60, Fed. R. Civ. P. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Judd entitled his complaint as a "petition for leave to file motion to dismiss indictment/complaint for violation of speedy trial act by independent action, Fed. R. Civ. P. Rule 60(d), §2241." He states that the Supreme Court has denied his petition on the issue of a violation of the Speedy Trial Act, which he contends is proof that there was no conviction or sentence in his criminal case. Judd also argues that the district court lost jurisdiction of the case until all of his appeals were decided, and no mandate has ever issued from the Court of Appeals, and so "jurisdiction remains in the Court of Appeals, pre-trial." He contends that the stay of proceedings pending his appeals was never vacated, and so the conviction and sentence entered by the district court are void.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the case be dismissed. The Magistrate Judge noted that Judd has a long history with the courts of the Fifth Circuit, citing Judd v. Fox, 289 Fed.Appx. 795, 2008 WL 3858574 (5th Cir., August 19, 2008).

1

In that case, the Fifth Circuit noted that Judd "has a history of vexatious and frivolous litigation in this court and many other courts," and that repeated warnings and sanctions have been issued to him, but that these have been insufficient to deter him from continuing to file frivolous challenges to his conviction. Accordingly, the Fifth Circuit imposed a sanction upon him in the amount of $500.00 and barred him from filing any challenges to his conviction or sentence until all of the sanctions imposed on him are paid in full, unless he first obtains permission from the court in which he seeks to file the challenge. Even after satisfaction of the sanctions, the Fifth Circuit said, Judd is still barred from any filings without permission; when seeking such permission, Judd must certify that the claim he wishes to present is a new one, never before raised or disposed of on the merits or which remains pending in any federal court.

The Fifth Circuit went on to observe that Judd incurred a sanction of $105.00 in <u>Judd v. The University of New Mexico, et al.</u>, slip op. no. 98-51060 (5th Cir., May 13, 1999); a sanction of $105.00 in <u>Judd v. U.S. District Court, et al.</u>, slip op. no. 98-51118 (5th Cir., November 9, 2000); a sanction of $105.00 in <u>Judd v. Winn, et al.</u>, slip op. no. 03-50071 (5th Cir., November 20, 2003); and a sanction of $500.00, as well as an order barring him from future filings without permission, in <u>United States v. Judd</u>, slip op. no. 08-50213 (5th Cir., October 7, 2009).

In the present case, the Magistrate Judge stated, Judd failed to show that he had satisfied any of the sanctions he has incurred, nor did he certify that the claims which he wishes to raise in the present actions are new. On the contrary, Judd seeks to raise a Speedy Trial Act claim in his case, which he concedes has already been rejected by the U.S. Supreme Court. Nor did Judd seek or obtain permission from the Court to file the present case. Consequently, the Magistrate Judge recommended that the case be dismissed for failure to show proof that the sanctions against him have been satisfied and for failure to certify that the claims that he seeks to present are new. The Magistrate Judge also recommended that Judd be warned that the continued filing of cases in the Eastern District of Texas without satisfying the requirements set out by the Fifth Circuit could lead to the imposition of additional sanctions.

Judd filed objections to the Report of the Magistrate Judge on February 23, 2011. In his objections, he claims that the Magistrate Judge failed to note that his case was transferred to the Eastern District of Texas from the Middle District of Tennessee, and that the Court "lacks jurisdiction to sit in appellate review of the transfer order." He states that his case involves an open federal criminal case pending in New Mexico, as well as a state criminal case in New Mexico, and that the full filing fee for the case was paid in Tennessee. After arguing that his pleadings should be read liberally because of his *pro se* status, Judd states that petitioners can challenge a consecutive sentence that is yet to be served and that his petition presents a justiciable controversy which is ripe for review.

Judd makes no mention of the sanctions which have been imposed upon him, much less show that these have been satisfied. Thus, Judd's objections have no merit. He cannot evade the sanctions placed upon him by the Fifth Circuit by the simple expedient of filing his lawsuit in a district court outside of the Fifth Circuit and having it transferred into this circuit. In addition, he states that his claims involve a pending criminal case in New Mexico, which would show that venue for his case would be in New Mexico and not in Texas. Thus, his claim may be dismissed as having been brought in a court of improper venue, as well as for failure to show that the sanctions imposed upon him have been satisfied in full.

In his supplemental objections, filed on February 28, 2011, Judd again argues that he has no valid conviction or sentence, saying that the proceedings in his criminal case were stayed pending appeal and the stay has never been lifted. He claims that the stay was affirmed by the Fifth Circuit in United States v. Judd, civil action no. 99-5-446, but that the mandate in that case never issued and so jurisdiction remains in the Court of Appeals, pre-trial.[1] This objection fails to address the basis for the decision in the present case and is without merit.

---

[1] The on-line docket of United States v. Judd, civil action no. 99-50446, shows that the mandate issued on April 10, 2001.

Judd also contends that he does not have a valid conviction in his state cases. He claims that he entered into an "Alford Plea Agreement" under which he could maintain his innocence but yet accept deferred adjudication probation and immediately appeal the issues without going to trial. Judd insists that this is not a conviction, although he acknowledges that it carries a maximum penalty of two years in prison. The U.S. District Court for the Eastern District of Texas lacks jurisdiction to rule on the validity of a conviction from the State of New Mexico. Judd may wish to present his claims in this regard to the federal court for the District of New Mexico, or to the state appeals courts in New Mexico. His objection also fails to address the basis for decision in the present case and is without merit.

Finally, Judd states that when he is released from prison, he "will be in constructive possession of several returned and other firearms, and will be subject to prosecution" as a felon in possession of firearms. He contends that this is a valid basis for habeas corpus relief, but he is not challenging a sentence to be served in the future, but rather a speculative punishment which may or may not be imposed. This is not a valid basis for habeas corpus relief, particularly in light of the fact that Judd failed to show that he has satisfied any of the sanctions imposed upon him, as the Magistrate Judge set out. His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Report of the Magistrate Judge and the Movant's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Movant's objections are without merit. It is accordingly

ORDERED that the Movant's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED for failure to show proof that all sanctions which have been imposed upon him have been satisfied, whether such sanctions were imposed by the Fifth Circuit Court of Appeals or by a district court within the Fifth Circuit, and for failure to certify that the claims raised in the present case are new ones which have

never been decided by or presented to any court within the jurisdiction of the Fifth Circuit. The dismissal of this cause is with prejudice to its refiling without the meeting of these requirements; however, it is without prejudice to any claims which Judd may bring in the state or federal courts of New Mexico. It is further

ORDERED that Judd is hereby WARNED that the continued filing of actions in the Eastern District of Texas without complying with the requirements set out by the Fifth Circuit could result in the imposition of additional sanctions, monetary or otherwise. This is true whether Judd files a complaint in this Court originally, or if he files a complaint elsewhere and has it transferred to this District. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**SIGNED this 9th day of March, 2011.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE