IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| KEITH RUSSELL JUDD | § | |
| v. | § | CIVIL ACTION NO. 5:10cv162 |
| UNITED STATES OF AMERICA, ET AL. | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND DENYING MOTION TO ALTER OR AMEND JUDGMENT

The Movant Keith Judd, an inmate of the Federal Correctional Institution in Texarkana proceeding *pro se*, filed this civil action purportedly as an "independent action" under Rule 60(b), Fed. R. Civ. P. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Judd styled his case as a "petition for leave to file motion to dismiss indictment/complaint for violation of Speedy Trial Act by independent action, Fed. R. Civ. P. 60(b), §2241." He argues that there was no conviction or sentence in his criminal case, which arose in the Western District of Texas, because the district court lacked jurisdiction until all of the appeals were decided, and no mandate has ever issued from the Fifth Circuit Court of Appeals. Thus, Judd contends, "jurisdiction remains in the Court of Appeals, pre-trial."

Upon reviewing the pleadings, the Court observed that Judd has a long history with the Fifth Circuit, including numerous sanctions totalling over $1,000.00 for the repeated filing of frivolous and vexatious lawsuits, not only within the Fifth Circuit but in many other courts around the country. The Fifth Circuit has issued orders directing that pleadings from Judd be refused unless he submits proof of the satisfaction of the sanctions, and has stated that Judd may not file any civil action in any

1

federal court within the jurisdiction of the Fifth Circuit without seeking and obtaining leave of court. In so doing, Judd is required to certify that the claims which he wishes to raise are new ones that have never before been raised or disposed of on the merits in any federal court.

In the present case, the Court determined that Judd had not shown proof of the satisfaction of the sanctions, nor had he made the requisite certification. As a result, his lawsuit was dismissed.

On March 18, 2011, Judd filed a motion to alter or amend the judgment under Rule 59, Fed. R. Civ. P. This motion asserted that Judd had filed a motion to add a claim under the Tucker Act and to transfer the case to the Court of Federal Claims, and so the district court should have halted proceedings until 60 days after the motion had been ruled upon. He stated that four of the sanctions, totalling $420.00, were paid in 2006, although he furnished no proof of this, and contended that the Fifth Circuit's sanctions were improper because they were not issued in accordance with Rule 38 of the Federal Rules of Appellate Procedure.

On May 9, 2011, the Magistrate Judge issued a Report recommending that Judd's motion to alter or amend the judgment be denied. The Magistrate Judge concluded that the Court of Federal Claims had already considered and rejected the very claim which Judd raised, and so no basis existed for a transfer of the case to the Court of Federal Claims for re-litigation of the same issue. The Magistrate Judge also stated that Judd had failed to show proof that he had satisfied all of the sanctions imposed upon him. Although Judd stated that he had satisfied some of the sanctions, he did not identify the specific appeals in which he had allegedly done so. In addition, the sanctions which Judd said that he had satisfied represented less than one-half of the total sanctions imposed on him. The Magistrate Judge also rejected Judd's challenge to the validity of the sanctions, stating that the district court lacked authority to hold that sanctions imposed by the Fifth Circuit were improper or to disregard these sanctions based upon a litigant's assertion of impropriety.

Judd filed objections to the Magistrate Judge's Report on May 31, 2011. In his objections, Judd first states that he did not file his case in the Eastern District of Texas, but rather filed it in the Middle District of Tennessee, where he was required to pay a filing fee prior to the case being

transferred. Judd claims that "since Petitioner was required to pay the filing fee and the case was then transferred, this is an enforceable contract, and the case cannot be dismissed."

Judd then points to another case he filed in the Eastern District, styled Judd v. United States, civil action no. 5:05cv85. He states that he filed a motion for enforcement of the pre-trial diversion order, which is the matter that he wants transferred to the Court of Federal Claims, and that this motion is still pending; however, that motion was denied in the order dismissing the case, which specifically provides that "all motions not previously ruled on are denied." Although Judd claims that the appeal of this case is still pending, a letter from the Fifth Circuit dated March 11, 2008 indicates that his appeal would not be processed.

In any event, Judd maintains that while the Court of Federal Claims has jurisdiction over claims for monetary damages, the Eastern District of Texas has jurisdiction for a writ of habeas corpus under the savings clause of 28 U.S.C. §2255. This argument is unavailing because Judd must bring a challenge to his conviction under §2255 in the court where he was convicted, which is the Western District of Texas.

Next, Judd states that he raised a claim for money damages for the alleged breach of the pre-trial diversion agreement in the Eastern District of Texas under cause no. 1:08cv63, Judd v. United States of America, et al., and paid both a filing fee and an appellate fee, but the case was dismissed and no appeal was allowed; he deems this a "manifest injustice which must be corrected." The fact that Judd previously litigated his claim in this Court is not a basis for litigating it again.[1]

---

[1] Judd's claims regarding the alleged breach of the pre-trial diversion agreement have been repeatedly presented to the federal courts, and have been repeatedly rejected. Judd v. U.S., 345 Fed.Appx. 539. 2009 WL 464745 (C.A.Fed., February 6, 2009) (rejecting civil claim for damages based on alleged breach); U.S. v. Judd, 197 Fed.Appx. 246, 2006 WL 2522213 (4th Cir., September 1, 2006) (affirming dismissal of a motion for relief from judgment and motion for enforcement of a pre-trial diversion agreement); Judd v. U.S., 189 Fed.Appx. 951, 2006 WL 1843150 (C.A.Fed., June 28, 2006) (affirming dismissal of motion to enforce pre-trial diversion agreement that the ground that such an agreement is not a "contract" within the scope of the Tucker Act); Judd v. Fox, civil action no. 1:07cv491 (E.D.Tex., October 15, 2007, *aff'd* August 19, 2008) (concluding that petitioner's claims, including his assertion regarding the pre-trial diversion agreement, failed to raise a colorable claim of actual innocence). As in his prior cases, Judd has failed to show that this contention affords him any basis for relief.

Furthermore, Judd's objections wholly fail to address the fact that he did not show proof that all of the sanctions imposed on him have been satisfied or that he did not certify that all of his claims were new ones that had never before been presented to the federal courts. While it is true that Judd originally filed his lawsuit in the Middle District of Tennessee, the notion that paying the filing fee created an "enforceable contract" preventing the dismissal of his lawsuit is absurd. More pertinently, Judd cannot evade the sanctions upon him by the simple expedient of filing his lawsuit in a district outside of the Fifth Circuit, and then claiming that he need not abide by the sanctions upon a transfer to a court within the Fifth Circuit. His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Movant's motion to alter or amend the judgment, the Report of the Magistrate Judge, and the Movant's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Movant's objections are without merit. It is accordingly

ORDERED that the Movant's objections are overruled and the Report of the Magistrate Judge (docket no. 41) is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the Movant's motion to alter or amend the judgment (docket no. 40) be and hereby is DENIED.

**SIGNED this 11th day of July, 2011.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE